601 So.2d 590 (1992)
BOARD OF COUNTY COMMISSIONERS OF ST. JOHNS COUNTY, and the St. Johns County Water and Sewer Authority, Appellants,
v.
Thomas M. BEARD, Chairman, and Thomas M. Beard, Betty Easley, Michael Wilson, and J. Terry Deason, Commissioners, as and constituting the Florida Public Service Commission, and Jacksonville Suburban Utilities Corporation, Appellees.
No. 91-2290.
District Court of Appeal of Florida, First District.
June 5, 1992.
*591 David G. Conn of Conn & Christine, P.A., St. Augustine, for appellants.
James L. Ade and Scott G. Schildberg of Martin, Ade, Birchfield & Mickler, P.A., Jacksonville, for appellee/Jacksonville Suburban Utilities Corp.
Robert D. Vandiver, General Counsel; William E. Wyrough, Jr., Associate General Counsel, Florida Public Service Comn., Tallahassee, for appellee/Public Service Comn.
PER CURIAM.
Appellant, St. Johns County, challenges an order of the Public Service Commission (PSC) declaring that the PSC, not appellant, had exclusive jurisdiction over water and wastewater services provided by appellee, Jacksonville Suburban Utilities Corp. (JSUC), within St. Johns County. We affirm.
In July 1985, the Board of County Commissioners of St. Johns County adopted a resolution giving the PSC jurisdiction over private water and wastewater utilities located within the County. In September 1989, the County exercised its statutory right to rescind its resolution and thereby exclude its private utilities from PSC jurisdiction. See § 367.171(1), Fla. Stat. (1985). The County passed an ordinance placing regulatory authority in the newly created St. Johns County Water and Sewer Authority and, thereafter, the PSC issued an order acknowledging the County's assumption of jurisdiction. A portion of the PSC order stated: "We further acknowledge that our jurisdiction over privately owned water and sewer utilities whose systems are located exclusively within said county is rescinded effective September 26, 1989." (Emphasis added).
When the County resumed jurisdiction, two of its private water and sewer utilities had cases pending before the PSC. In these cases, two small utilities sought PSC approval of their sale of assets and transfer of water and sewer certificates to JSUC. Pursuant to subsection 367.171(5), Florida Statutes (1989), the PSC retained jurisdiction over these cases, eventually approving the transfers. Thereafter, JSUC obtained certificates from the County authorizing JSUC to provide water and sewer service within St. Johns County.
In January 1991, JSUC petitioned the PSC for a declaratory statement as to whether the PSC had exclusive jurisdiction over JSUC's water and sewer facilities located in Duval, Nassau and St. Johns counties. In addition to identifying itself as a provider of water and wastewater utility service in the three neighboring counties of Duval, Nassau and St. Johns, JSUC indicated that it provided such service through numerous facilities located within the counties. JSUC argued that all of its facilities were part of "a single water and wastewater system" which must come under PSC jurisdiction according to the following language *592 in subsection 367.171(7), Florida Statutes (Supp. 1990):
Notwithstanding anything in this section to the contrary, the commission shall have exclusive jurisdiction over all utility systems whose service transverses county boundaries, whether the counties involved are jurisdictional or nonjurisdictional....
(Emphasis added). In support of its assertion, JSUC noted that all of its facilities, wherever located, were managed from a central office in Duval County, and shared the same manager, officers, engineers, accountants, maintenance personnel, customer service representatives and testing laboratories. JSUC performed purchasing, budgeting, planning and staffing functions on a system-wide basis. According to JSUC, inefficiency and higher costs would result if St. Johns County were deemed to have jurisdiction over a portion of the utility's operations.
St. Johns County intervened, arguing that it should retain jurisdiction over that portion of JSUC's operations within the County. According to the County, JSUC should not be deemed a "system transversing county boundaries" simply due to managerial and administrative interconnectedness. Under the County's interpretation of subsection 367.171(7), facilities and land in one county must be functionally related to, and physically connected with, facilities and land in another county to invoke the exclusive jurisdiction of the PSC. Because there was no physical connection crossing county boundaries, the County asserted that JSUC was not subject to exclusive PSC jurisdiction within the subsection.
In April 1991, the PSC granted JSUC's petition and declared that its water and wastewater services were subject to exclusive PSC jurisdiction. In its order, the PSC cited the definition of "system" in subsection 367.021(11): "`System' means facilities and land used or useful in providing service and, upon a finding by the commission, may include a combination of functionally related facilities and land." Citing the undisputed facts presented in JSUC's petition, the PSC found that the utility's facilities were functionally related and that JSUC "is indeed a utility system whose service transverses county boundaries." The order also noted that the efficiency and cost savings of system-wide operations were consistent with the purpose of subsection 367.171(7). When the County's motion for reconsideration proved unsuccessful, the instant appeal was initiated.
In finding JSUC to be a system whose service transversed county boundaries, and thus subject to exclusive PSC jurisdiction under subsection 367.171(7), the PSC interpreted a statute which it had the duty to administer. Although a presumption of correctness ordinarily attaches to such an interpretation, a favorable presumption will not be applied to support the PSC's exercise of jurisdiction where none was conferred by the legislature. Compare Radio Telephone Communications, Inc. v. Southeastern Telephone Co., 170 So.2d 577 (Fla. 1965) (presumption not applicable to support the PSC's exercise of jurisdiction over radiotelephone service where there was "no doubt whatsoever" that the legislature did not intend to include such service within the statutory definition of a "telephone company" when jurisdiction was conferred upon the PSC in 1913) with PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla. 1988) (applying presumption to affirm PSC's exercise of jurisdiction over an electric utility that had a corporation as its only customer, where the utility was found to be within the statutory definition of a "public utility" providing electricity "to or for the public").
Although the PSC asks us to apply a favorable presumption to its interpretation of subsection 367.171(7), we find no need to resort to such a presumption where the statutory language so clearly supports the PSC's ruling. To determine whether JSUC was a system whose service transversed county boundaries within the meaning of the subsection, the PSC properly focussed upon the statutory definition of "system" set out in subsection 367.021(11):
"System" means facilities and land used or useful in providing service and, upon a finding by the commission, may *593 include a combination of functionally related facilities and land.
We reject the County's assertion that the functional relationship referred to requires an actual physical connection between JSUC's facilities. If physical interconnection was required there would be little need for a "finding by the commission" that the facilities were functionally related. We note the County does not dispute JSUC's factual account of the functional interrelatedness of its Duval and St. Johns facilities, and the undisputed evidence establishes that these facilities are interrelated administratively and operationally. Thus, the evidence supports the PSC's finding that JSUC's facilities constitute "a combination of functionally related facilities and land"; in a word, a "system." Because the service provided by this system crosses county boundaries, it is clear that the PSC has exclusive jurisdiction over JSUC pursuant to subsection 367.171(7).
Neither are we persuaded by the County's argument that, absent a requirement of physical connection, the PSC will obtain jurisdiction over utilities that might service noncontiguous counties separated by hundreds of miles. Of course, it would be impossible for such a hypothetical utility to make the kind of factual showing that JSUC presented here. Nor could it be said that noncontiguous counties share a "boundary" that the utility's service could "transverse." In any event, we are content to leave unresolved this hypothetical dispute involving utilities that may or may not exist. We are satisfied that under the facts of the instant case the PSC obtained exclusive jurisdiction over the utility that was a party to these proceedings.
Accordingly, the PSC's order is AFFIRMED.
ZEHMER, MINER and WEBSTER, JJ., concur.